IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00957-MSK-PAC

JAMES FREDERICKS, BROOKE FREDERICKS,
ELIS FREDERICKS, AND SARAH FREDERICKS,

Plaintiffs,

v.

TRINA KOEHN,
MICHAEL REIDE,
ROCKY MOUNTAIN OFFENDERS MANAGEMENT SYSTEMS, INC.,
SAMUEL WELLINGTON,
DEBRA WELLINGTON,
RAGNAR STORAASLI, Ph.D.,
MARY MARGARET JONSSON, Ph.D.,
PARKER & FROYD MENTAL HEALTH SERVICES, P.C.,
WITH ALL GOVERNTMENTAL PERSONNEL NAMED IN THEIR INDIVIDUAL
CAPACITIES,

Defendants.

---

PROTECTIVE ORDER

---

This matter is before the Court upon the Motion for Protective Order of Defendant Mary

Margaret Jonsson, Ph.D.  The Court, having reviewed the Motion and the responses of the other

parties and being otherwise advised in the premises, does hereby FIND and ORDER:

1.      In this action, certain documents and other written information may be produced

and certain testimony may be elicited that includes information that may be considered to be

"protected health information" that is subject to limits on disclosure under the Health Insurance

Portability and Accountability Act of 1996 ("HIPAA") and the regulations of Department of Health and Human Services at 45 C.F.R. Part 164.

2.      45 C.F.R. § 164.512(e) establishes standards for the disclosure of protected health information in judicial and administrative proceedings.  That regulation allows for the disclosure of protected health information pursuant to a protective order of the Court that:

    (A)    Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

    (B)    Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

3.      The parties agree and this Court finds that this Protective Order shall impose the terms and conditions required by 45 C.F.R. § 164.512(e) on documents, information and testimony that is designated by a party as "Confidential."

4.      Confidential mental healthcare documents shall be designated as Confidential in the following manner:

    a.    By imprinting the word "Confidential" on the first page or cover of any such document produced;

    b.    By imprinting the word "Confidential" next to or above any response to a discovery request that references such documents; and

    c.    With respect to transcribed testimony regarding any such documents, by giving written notice to opposing counsel designating portions of the testimony as "Confidential" not later than three calendar days after receipt of the transcribed testimony.

5. The Confidential mental healthcare documents and the information contained in those documents shall be subject to the following restrictions:

    a. The Confidential mental healthcare documents and information contained therein shall be used only for the purpose of this litigation and shall not be used for any business or other purpose;

    b. The Confidential mental healthcare documents and information contained therein shall not be disclosed or communicated by any party or by counsel for any party, either directly or indirectly, to anyone except for purposes of this case and only after the person receiving the information has executed an affidavit in the form of Exhibit B;

    c. The Confidential mental healthcare documents shall be destroyed by all parties in possession of such documents within 30 days of the conclusion of this litigation, including all appeals hereof, and an affidavit of destruction shall be delivered to the producing party within seven days thereafter.

6.     Individuals authorized to review Confidential mental healthcare documents pursuant to this Protective Order shall hold Confidential mental healthcare documents and information contained therein in confidence and shall not divulge the Confidential mental healthcare documents, either verbally or in writing, to any other person, entity, or government agency unless ordered to do so by Court order or pursuant to subpoena and subject to the requirements of 45 C.F.R. § 164.512(e).

7.     Counsel for each party shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom Confidential mental healthcare

documents are to be disclosed and shall obtain and retain the original affidavits signed by recipients of Confidential mental healthcare documents and shall maintain a list of all persons to whom any Confidential mental healthcare documents are disclosed.

8.      During the pendency of this action, any counsel may, upon either Order of this Court or agreement of the parties, inspect the lists maintained by counsel pursuant to paragraph 7 above, upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential mental healthcare documents.

9.      No copies of Confidential mental healthcare documents shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

10.      Confidential mental healthcare documents  shall be subject to the following restrictions. Confidential mental healthcare documents shall be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and not for any other purpose whatsoever, and shall not, without the consent of the party producing it or further Order of the Court, be disclosed in any way to anyone except as specified in this paragraph:

    (a)      attorneys actively working on this case;

    (b)      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or other proceedings in this case;

    (c)      the parties and representatives of the parties;

    (d)      expert witnesses and consultants retained in connection with this

4

proceeding, but only to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

(e)     the Court and its employees ("Court Personnel");

(f)     stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     deponents who execute the attached Exhibit B; and

(h)     other persons by prior written agreement of the parties who execute the attached Exhibit B.

11.     In the event it becomes necessary for any party to file Confidential mental healthcare documents with the Court, the filing party must follow the procedures set forth in D.C. Colo. Civ. R. 7.3 for filing the information under seal.  Any pleadings or briefs filed by any party that either quotes or discusses the contents of information designated as Confidential shall also be filed under seal.

12.     The termination of this action shall not relieve counsel, parties, or other persons to whom Confidential mental healthcare documents have has been disclosed from their responsibility to maintain the confidentiality of Confidential mental healthcare documents and information contained therein pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13.     By entry of this Protective Order, the Court makes no finding as to the authenticity or admissibility of documents that are subject to it.

14.     Upon termination of this litigation, including any appeal, each party's counsel shall destroy all Confidential mental healthcare documents received subject to this Protective

Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom and shall ensure the destruction of any Confidential mental healthcare documents in the possession of other persons to whom the information has been disclosed pursuant to this Protective Order. Counsel shall maintain the list of individuals who have received Confidential mental healthcare documents as well as verification that the information has been destroyed by all such persons.

15.     Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure or from filing a motion with respect to the manner in which Confidential mental healthcare documents shall be treated at trial.

Done this _1st_ day of _March_ 2007

BY THE COURT:

~~District Court Judge~~
UNITED STATES MAGISTRATE JUDGE
O. EDWARD SCHLATTER