**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kristen L. Mix**

| | |
|---|---|
| **Civil Action No.:** 06-cv-00957-MSK-KLM | FTR - Reporter Deck - Courtroom 204-C |
| | Byron G. Rogers United States Courthouse |
| **Date:** June 20, 2008 | Courtroom Deputy, Ellen E. Miller |

_____

| | |
|---|---|
| JAMES FREDERICKS, | William S. Finger |
| BROOKE FREDERICKS, | Robert A. Weinberger |
| ELISABETH FREDERICKS, and | |
| SARAH FREDERICKS, | |
|     Plaintiff(s), | |
| v. | |
| ROCKY MOUNTAIN OFFENDER | Craig S. Nuss |
|   MANAGEMENT SYSTEMS, INC., | |
| RAGNAR STORAASLI, Ph. D., | Kevin P. Perez |
| MARY MARGARET JONSSON, Ph. D., and | Patrick J. Maggio |
| PARKER & FROYD | Richard L. Murray, Jr. |
|   MENTAL HEALTH SERVICES, P.C., | |
|     Defendant(s). | |

_____
**COURTROOM  MINUTES  /  MINUTE  ORDER**
_____

**HEARING: STATUS CONFERENCE / MOTION HEARING**
**Court in Session:** 10:00 a.m.
Court calls case. Appearance of counsel.

The Court raises pending motions Docket Numbers 280, 268, and 286 for argument.

Discussion is held.

**It is ORDERED:**     Defendant Jonsson's Opposed MOTION FOR FED.R.CIV.P.35 EXAMINATIONS OF PLAINTIFFS [Docket No. **268,** Filed May 08, 2008] is **GRANTED** for the reasons set forth on the record.

**It is ORDERED:** Plaintiffs' MOTION FOR RECONSIDERATION OR MODIFICATION OF MINUTE ORDER OF MAY 9, 2008 AND MINUTE ORDER OF MAY 29, 2008. [Docket No. **280,** June 02, 2008] is **DENIED** for the reasons set forth on the record.

**It is ORDERED:** Plaintiffs' MOTION FOR PROTECTIVE ORDER RELATING TO DEPOSITIONS OF SARAH AND ELISABETH FREDERICKS [Docket No. **286,** Filed June 11, 2008] is **DENIED** for the reasons set forth on the record.

As to the Fed.R.Civ.P. 35 <u>Independent Medical Examinations</u> by Stephen A. Moe, M.D., Defendant Jonsson shall choose whether she wishes to have the IMEs conducted in Texas or in Denver. Defendant shall either pay Dr. Moe's reasonable travel expenses and costs to conduct the four IMEs in Texas or pay the reasonable travel expenses and costs of the four Plaintiffs to come to Denver to Dr. Moe's office for the IMEs.

Counsel shall confer with each other and with Dr. Moe regarding the issue of audio recording of the IMEs. If no agreement can be reached, counsel shall establish a conference call with Chambers at (303) 335-2770 to request a conference with the Court.

As to the <u>depositions,</u> the Plaintiffs shall choose whether to have their depositions taken at the Byron G. Rogers United States Courthouse in Denver or at a location in Texas. If the Plaintiffs elect to have their depositions taken at the Courthouse in Denver, they shall bear the expense of traveling to Denver for the depositions. Plaintiffs' counsel shall notify the Court's staff of the dates of the depositions so that appropriate arrangements can be made. If the Plaintiffs elect to have their depositions taken in Texas, Plaintiffs shall bear the travel, food, and lodging expenses of one defense attorney per remaining defendant to attend and participate in the depositions. If the Plaintiffs select Texas as the location for their depositions, Plaintiff Elisabeth Fredericks shall be made available in Texas.

The Court notes it may impose sanctions if any attorney asks harassing, repetitive or inappropriate questions during the depositions, pursuant to D. C. COLO. LCivR. 30.3(A) and (D) .

On or before JULY 01, 2008, counsel shall exchange information as to dates and times for the depositions to be conducted during the week of October 13 through 17, 2008.

The following dates are reserved as a proposed deposition schedule subject to the availability of the deponents:

| September 2, 2008 | Remainder of Trina Koehn deposition |
| --- | --- |
| September 4 and 5, 2008 | Sarah and Elisabeth Fredericks |
| September 10, 2008 | Elmo Gatlin |
| September 11, 2008 | Jesse Masciotto |
| September 22, 2008 | Todd Parker |
| September 23, 2008 | John E. Froyd |
| October 8, 9, or 10, 2008 | Pro Tech Monitoring representative and Peggy Conway (in Florida) |
| Week of October 13 through 17, 2008: | Kathy Denison, Dr. Robert Atwell, Dr. William D. Hansen, Dr. John Nicoletti, Dr. Robert Coleman, and Jon Karraker |

On the Court's own motion,

**It is ORDERED:** The Scheduling Order is modified as follows:

Discovery Deadline is extended to **OCTOBER 17, 2008.**
Expert witness disclosure deadline is extended to **OCTOBER 17, 2008**
Rebuttal Experts disclosure deadline is **NOVEMBER 17, 2008**
Final Discovery Deadline for the purpose of taking Rebuttal Experts depositions **only** is **DECEMBER 31, 2008**

**It is ORDERED:** A SETTLEMENT CONFERENCE with Plaintiffs and Defendant Rocky Mountain Offenders Management participating is set **AUGUST 12, 2008 at 8:00 a.m.** in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado 80294.

Attorney(s) and Client(s)/Client Representative(s), including an adjustor if an insurance company is involved, with full settlement authority **are to be present in person** for the Settlement Conference.

At least one (1) Plaintiff shall appear in person for the Settlement Conference. All other Plaintiffs

shall be available to participate by telephone. The Court has allocated all morning for the Settlement Conference and Plaintiffs must make themselves available to participate for the duration of the conference.

Each party shall submit an Updated Confidential Settlement Statement to Magistrate Judge Mix **on or before AUGUST 05, 2008** in accordance with the Court's *Instructions for Preparation of Confidential Settlement* Statements, Effective January 1, 2008. [Attached below]

The Updated Confidential Settlement Statements shall be sent via e-mail in a PDF format to **Mix_Chambers@cod.uscourts.gov** ALL additional settlement material (*i.e.* exhibits, deposition transcripts, Exhibits, documents) shall be submitted to the court as hard copies. Counsel shall indicate in their e-mail if they are submitting additional information for the Court to read. Any additional material shall be delivered to the Office of the Clerk of the Court in an envelope marked "Personal per Magistrate Judge Mix's Instructions".

**It is ORDERED:** A SETTLEMENT CONFERENCE with Plaintiffs and Defendants Mary Margaret Jonsson, Ragnar Storaasli, and Parker & Froyd Mental Health Services participating is set
**SEPTEMBER 12, 2008 at 9:00 a.m.** in Courtroom C-204, Second Floor, Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado 80294.

Attorney(s) and Client(s)/Client Representative(s), including an adjustor if an insurance company is involved, with full settlement authority **are to be present in person** for the Settlement Conference.

At least one (1) Plaintiff shall appear in person for the Settlement Conference. All other Plaintiffs shall be available to participate by telephone. The Court has allocated all morning for the Settlement Conference and Plaintiffs must make themselves available to participate for the duration of the conference.

Each party shall submit an Updated Confidential Settlement Statement to Magistrate Judge Mix **on or before SEPTEMBER 05, 2008** in accordance with the Court's *Instructions for Preparation of Confidential Settlement* Statements, Effective January 1, 2008. [Attached below]

The Updated Confidential Settlement Statements shall be sent via e-mail in a PDF format to **Mix_Chambers@cod.uscourts.gov** ALL additional settlement material (*i.e.* exhibits,

deposition transcripts, Exhibits, documents) shall be submitted to the court as hard copies. Counsel shall indicate in their e-mail if they are submitting additional information for the Court to read. Any additional material shall be delivered to the Office of the Clerk of the Court in an envelope marked "Personal per Magistrate Judge Mix's Instructions".

HEARING CONCLUDES.

**Court in recess:** 11:42 a.m.
Total In-Court Time: 01:42

# INSTRUCTIONS FOR PREPARATION OF CONFIDENTIAL SETTLEMENT STATEMENTS ("CSS")
## for Submission to Magistrate Judge Mix

**Effective January 1, 2008**

**I.      Introduction**

I am sensitive to the demands placed on counsel by the varying requirements of our court's judicial officers.  I carefully considered those demands before deciding that I must revise my settlement conference procedures in order to maximize the efficient use of the parties', counsels' and the court's time, and to ensure the greatest possibility of success in reaching mutually agreeable settlements. If you follow these instructions carefully, I will be able to use my best efforts towards resolution of your case. On the other hand, <u>if you do not follow these instructions, I may require that you revise your CSS,  or postpone or cancel the settlement conference</u>.  Thank you for your cooperation.

**II.     Confidentiality**

In our court, in order to protect the integrity of the process, settlement conferences are confidential.  I take this policy very seriously.  In conducting the settlement conference, I will not use information provided in your CSS unless you explicitly authorize me to do so.  (When appropriate, I may suggest that you authorize me to disclose information.)  Therefore, please include in your CSS a designation of all information that you do <u>not</u> wish me to share with the other party (parties) and/or counsel (see Section III. E. iii. below).  You may not disclose information exchanged during the settlement conference to anyone who is not a party to the litigation, counsel to a party, or counsel's support staff.

**III.    Instructions Regarding Content of CSS**

Please include the following information in your CSS:

A.      An explanation of the facts of the case, computation of damages, and recitation of appropriate legal authority supporting the claims or defenses.

B.      A *numbered list* of the known significant disputed issues of fact.

C.      A *numbered list* of the known significant disputed legal issues.

6

D. An *accurate and complete* history of settlement negotiations, including dates and amounts of demands and offers.

E. An explanation of your preferences for how the settlement conference should proceed. For example, you may address the following issues:

i. Should each of the parties be physically separated, and why or why not?

ii. Given your knowledge of the case and the parties, your assessment of the most effective settlement conference method. Is the case more likely to settle by using a back-and-forth negotiating process or another method? Would a judicial evaluation of the merits of the case and/or its value be helpful or harmful?

iii. Designate all information that you do not wish me to share with the other party (parties) and/or counsel.

F. A good faith <u>evaluation</u> of the *value* of the case, considering the facts, provable damages, damages limitations (if any), legal issues, witness strengths and weaknesses, procedural status, timing of trial, comparable case verdicts, and any other information you believe to be relevant, AND a good faith <u>explanation</u> of why you value the case as you do.

G. A settlement demand or offer.

**IV.   Instructions for Filing of CSS**

If you participate in ECF, please e-mail the CSS in PDF format to my chambers: Mix_Chambers@cod.uscourts.gov. All additional settlement materials (*e.g.* deposition transcripts, exhibits, etc.) must be submitted to the court in hard copies. Please mail or deliver additional materials either to the Clerk of the Court or directly to me in an envelope marked "Confidential and Private per Magistrate Judge Mix's Order." If you do not participate in ECF, you should mail or deliver your CSS and additional materials as hard copies, as instructed above.

**V.   Entry to the Courthouse and Cellular Telephones**

Anyone seeking entry into the Alfred A. Arraj United States Courthouse or the Byron Rogers United States Courthouse will be required to show valid photo identification. Cellular telephones with cameras are not permitted in United States Courthouses. *Please don't bring them unless you have explicit permission to do so*

*from appropriate Court personnel..*