IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00957-MSK-KLM

JAMES FREDERICKS,
BROOKE FREDERICKS,
ELISABETH FREDERICKS, and
SARAH FREDERICKS,

    Plaintiff(s),

v.

ROCKY MOUNTAIN OFFENDERS MANAGEMENT SYSTEMS, INC.,
MARY MARGARET JONSSON, Ph.D,
RAGNAR STORAASLI, Ph.D., and
PARKER & FROYD MENTAL HEALTH SERVICES, P.C., with all governmental personnel named in both their official and individual capacities,

    Defendant(s).
_____

**ORDER GRANTING MOTION TO DESIGNATE OF NONPARTIES AT FAULT**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Rocky Mountain Offender Management Systems, Inc.'s ("Defendant") Unopposed Motion to Designate Nonparties at Fault [Docket No. 224; Filed December 20, 2007] (the "Motion"). Defendants Parker & Froyd and Ragnar Storaasli joined in Defendant's Motion [Docket Nos. 240 & 252], Pursuant to Colo. Rev. Stat. § 13.21-111.5, nonparties at fault may be designated in civil liability actions. That designation should occur within ninety (90) days of the commencement of the proceedings, "unless the court determines that a longer period is necessary." Colo. Rev. Stat. § 13.21-111.5(3)(b). Here, Defendant seeks to designate Trina Koehn and Michael Riede as nonparties at fault. Koehn and Riede were named Defendants in the above-captioned matter until their dismissal on September 28, 2007, on

the grounds of qualified immunity [Docket No. 179]. Although the Motion is titled "Unopposed," Defendant notes that Plaintiffs object "to the designation of the individuals named" but not "to the Motion itself." Motion at 2 [Docket No. 224]. Pursuant to D.C. Colo. L. Civ. R. 7.1(C), Plaintiffs had twenty (20) days to clarify their position regarding the Motion. Plaintiffs did not respond.

On January 15, 2008, the Court asked the parties to brief the issue of whether the proposed nonparties at fault owed a duty of care to Plaintiffs, pursuant to *Doering ex rel. Barrett v. Copper Mountain, Inc.*, 259 F.3d 1202, 1215-16 (10th Cir. 2001) (interpreting Colo. Rev. Stat. § 13-21-111.5) [Docket No. 234]. Defendant did so on February 15, 2008 [Docket No. 250], and was later joined by Defendant Storaasli [Docket No. 252] and Defendant Parker & Froyd [Docket No. 253]. On February 19, 2008, Plaintiffs also briefed the issue [Docket No. 256]. All parties who responded agreed that the proposed nonparties at fault owed a duty of care to Plaintiffs.[1] The Court held its decision on the Motion in abeyance until the District Court ruled on the Motion to Reconsider the dismissal of Trina Koehn and Michael Reade as party Defendants [Docket No. 203]. District Court Judge Marcia S. Krieger granted the motion to reconsider on August 13, 2008 [Docket No. 317], but declined to reinstate the claims against these former Defendants. The Court has reviewed the parties' pleadings and the matter is ripe for a decision. Accordingly,

---

[1] Plaintiffs' brief also purports to be a response in opposition to Defendant's Motion. Plaintiffs' opportunity to object to the Motion has passed, and they did not respond to the Motion within the time set by the Local Rules or timely move for an extension of time to respond. The Court's direction to the parties to brief the issue of the duty of care did not reopen the time period for Plaintiffs to respond to the Motion. As such, the Court rejects any objections to the Motion that Plaintiffs raised for the first time in their brief regarding the duty of care issue. To the extent that Plaintiffs request permission to raise these objections at a later date, the request is denied as untimely and for lack of good cause shown. The Court further denies the request pursuant to D.C. Colo. L. Civ. R. 7.1(C) (requiring that all requests for relief be made by motion).

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. The Court agrees that Defendant has provided good cause for extension of the designation deadline. Moreover, designation is not prohibited by the fact that these nonparties were given immunity. *Doering ex rel. Barrett v. Copper Mountain, Inc.*, 259 F.3d 1202, 1215-16 (10th Cir. 2001) (interpreting Colo. Rev. Stat. § 13-21-111.5). In addition, all parties agree that Trina Koehn and Michael Riede owed Plaintiffs a duty of care.

Finally, the Court finds that the designation filed by Defendant complies with the spirit of Colo. Rev. Stat. § 13-21-111.5(3)(b) in that it provides a sufficient "brief statement of the basis for the non-party's fault" via its link to Plaintiffs' complaint setting forth in detail the grounds for causation and liability against Ms. Koehn and Mr. Riede. To the extent that Plaintiffs argue that the designation does not provide a sufficient "brief statement": (1) as noted earlier, Plaintiffs waived this objection; and (2) the designation is based on allegations set forth against Ms. Koehn and Mr. Riede in Plaintiffs' complaint. Plaintiffs' contention that their own complaint does not provide them with sufficient notice of these nonparties' liability is disingenuous, and the Court rejects it. As such, the Court accepts the Designation of Nonparties at Fault of Trina Koehn and Michael Riede [Docket No. 224 at 8-12] for filing as of the date of this Order.

Dated: August 13, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix