IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00957-MSK-KLM

JAMES FREDERICKS,
BROOKE FREDERICKS,
ELISABETH FREDERICKS, and
SARAH FREDERICKS,

    Plaintiff(s),
v.

ROCKY MOUNTAIN OFFENDERS MANAGEMENT SYSTEMS, INC.,
MARY MARGARET JONSSON, Ph.D,
RAGNAR STORAASLI, Ph.D., and
PARKER & FROYD MENTAL HEALTH SERVICES, P.C., with all governmental personnel named in both their official and individual capacities,

    Defendant(s).
_____

## ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court pursuant to the Order of September 4, 2008 [Docket No. 338]. Per that Order, I awarded Defendant Jonsson ("Defendant") the reasonable attorneys' fees incurred by her in litigating her successful Motion for Sanctions [Docket No. 321] against Plaintiffs. The Court directed Defendant to file an affidavit by September 11, 2008, certifying her attorneys' fees incurred in filing the Motion for Sanctions. Defendant did so [Docket No. 339] and verified that the fee amount billed to her was $1851.00. Plaintiffs filed an objection to Defendant's affidavit on September 17, 2008 [Docket No. 347] contending that while the cited rates were reasonable, the amount of time expended reviewing and analyzing correspondence between the parties was not.

    It is the Court's responsibility to make an independent determination as to the

reasonableness of the sanction. *See* Fed. R. Civ. P. 37(a) (noting that the sanctions must both be just and related to the claim at issue); *see Beilue v. Int'l Bhd. of Teamsters, Local No. 492*, 13 Fed. Appx. 810, 813 (10th Cir. 2001) (holding that the award of fees for abuse of the discovery process "is a remedy provided for by law and within the inherent power of the court"). The starting point for any calculation of a reasonable attorneys' fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Malloy v. Monahan,* 73 F.3d 1012, 1017-18 (10th Cir.1996). Generally, a party seeking an award of attorneys' fees and costs must demonstrate that the fees and costs he seeks are reasonable. *Dewey v. Hewlett Packard Co.*, No. 05-cv-01482-REB-MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007) (unpublished decision). Therefore, counsel must make a good faith effort to exclude hours that are "excessive, redundant or otherwise unnecessary." *Hensley*, 461 U.S. at 435.

Having considered the affidavit filed by Defendant, Plaintiffs' objection, and the record before the Court, the Court finds that Defendant's reasonable costs in litigating the Motion for Sanctions are as stated in Defendant's affidavit – $1851.00 (12.6 hours at $135/hour and 2 hours at $75/hour). I am not persuaded by Plaintiffs' objection that the amount of time expended to review, organize, and analyze the large volume of correspondence between the parties exceeds what is reasonable given the circumstances of this case, including the longstanding attempts by Plaintiffs via correspondence with Defendant to avoid discovery and this Court's discovery Orders. Accordingly,

IT IS HEREBY **ORDERED** that Plaintiffs shall reimburse Defendant in the amount of **$1,851.00** for the attorneys' fees incurred by Defendant in litigating the Motion for

Sanctions.

IT IS FURTHER **ORDERED** that the amount set forth in this Order shall be paid on or before **October 10, 2008**. Failure to comply with this Order may result in the Court recommending that judgment be entered in favor of Defendant and against Plaintiffs in this amount. On or before October 13, 2008, Defendant shall file a Status Report as to whether Plaintiffs have complied with this Order.

Dated: September 18, 2008

BY THE COURT:

 s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge