IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00957-MSK-KLM

JAMES FREDERICKS,
BROOKE FREDERICKS,
ELISABETH FREDERICKS, and
SARAH FREDERICKS,

    Plaintiff(s),

v.

MARY MARGARET JONSSON, Ph.D,

    Defendant(s).
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion to Allow Filing of Third Amended Complaint for Purpose of Reinstating Claims Against Koehn and Riede** [Docket No. 356; Filed October 2, 2007] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.L.Civ.R. 72.1.C., the matter has been referred to this Court for recommendation. While the remaining Defendant does not oppose the relief sought, former Defendants Trina Koehn and Michael Riede filed a response in opposition to the Motion [Docket No. 364]. Plaintiffs sought and received two extensions of time to reply beyond the initial deadline [Docket No. 386]. The Court has reviewed the Motion, Response, Reply, the entire case file and applicable case law and is sufficiently advised in the premises.

**I. Procedural Background**

Plaintiffs filed their original complaint more than two and half years ago [Docket No.

1] and named multiple defendants, including Trina Koehn and Michael Riede. On September 14, 2006, Plaintiffs filed an amended complaint and refined their claims against the parties [Docket No. 11]. After Koehn and Riede filed a motion to dismiss the amended complaint [Docket No. 34], Plaintiffs were given leave to file a second amended complaint on November 13, 2006 [Docket No. 70]. Koehn and Riede again sought to dismiss the federal claims asserted against them [Docket No. 77]. District Judge Marcia S. Krieger granted their motion on September 28, 2007, and dismissed Plaintiff's suit as to them [Docket No. 179]. Judge Krieger dismissed Claim I, which asserted a procedural due process claim against Koehn and Riede pursuant to 42 U.S.C. § 1983; Claims 2 and 3, which asserted failure to train and supervisor liability claims against Riede pursuant to 42 U.S.C. § 1983; and Claim IV which asserted a willful and wanton conduct claim against Koehn and Riede pursuant to unidentified state law. *Order* [#179] at 6-7. Specifically, Judge Krieger found that Koehn and Riede were entitled to qualified immunity for the claims asserted against them pursuant to § 1983 and that Plaintiffs failed to assert a freestanding or actionable state law claim. *Id.* at 22-24. In conjunction with her Order of dismissal, Judge Krieger deleted Koehn's and Riede's names from the case caption. *Id.* at 30. As a consequence, they were terminated as named parties on the case docket.

More than one month after the dismissal of Koehn and Riede, Plaintiffs filed a motion to reconsider their dismissal [Docket No. 203]. On August 13, 2008, Judge Krieger declined to reinstate Plaintiffs' claims against them [Docket No. 317]. Nearly two months after Judge Krieger's Order, and more than one year after the dismissal of Koehn and Riede, Plaintiffs filed the present Motion to amend their complaint to assert six state law tort claims against Koehn and Riede for: (1) willful, wanton, reckless negligence and breach

2

of duty of care against Koehn; (2) willful wanton and reckless endangerment against Koehn; (3) outrageous conduct against Koehn; (4) negligent failure to train and supervise rising to the level of willful, wanton and reckless conduct against Riede; (5) willful, wanton and reckless endangerment causing injury against Riede; and (6) outrageous conduct against Riede [Docket No. 356]. The viability of Plaintiffs' Third Amended Complaint and Demand for Jury Trial ("Third Amended Complaint") is currently before the Court [Docket No. 356-4].

Plaintiffs' justify their Motion, in part, on Judge Krieger's Order denying their request to reinstate the § 1983 claims and deficient state law claim against Koehn and Riede, wherein Judge Krieger stated that "case law is insufficient to justify vacation of the order dismissing the federal claims due to application of the doctrine of qualified immunity. As for dismissal of the freestanding willful and wanton claim, there simply is no such freestanding claim under Colorado law." *Order* [#317] at 9. In dicta, Judge Krieger also noted that "[a]lthough the Fredericks may seek to amend their complaint to assert other claims, no good cause has been shown to justify reinstating this one." *Id.*

In support of their Motion, Plaintiffs assert that leave to amend should be given because "[t]he original filing in this matter made it clear that Plaintiffs intended to pursue various tort claims against Trina Koehn and Michael Riede." *Motion* [#356] at 2. They also argue that Judge Krieger's rulings on the motion to dismiss and the motion to reconsider established the elements necessary for Plaintiffs to assert state law tort claims against Koehn and Riede. *Id.* at 2-3. Finally, they note that they specifically reserved the right to amend their complaint should their motion for reconsideration be unsuccessful. *Id.* at 3. While Judge Krieger noted Plaintiffs' desire to amend in her Order declining to reinstate

3

Plaintiffs' claims against Koehn and Riede, she also noted that any requests for leave to amend are properly asserted in a separate motion filed pursuant to Fed. R. Civ. P. 15. *Order* [#317] at 4 n.1.

In their Response to Plaintiffs' Motion, Koehn and Riede assert several arguments against allowing amendment of the complaint. *Response* [#364] at 3-9. The arguments are based on well-established precedent that qualifies Fed. R. Civ. P. 15(a)'s mandate for liberal amendment of pleadings when the party who seeks to amend has unduly delayed and repeatedly failed to cure deficiencies in the complaint, when the nonmoving party would be unduly prejudiced, or when amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Koehn and Riede also argue that their previous dismissal from this lawsuit should further minimize the liberal preference for amendment and that Plaintiffs have failed to provide good cause for their failure to amend the complaint within the pleading amendment deadline set forth in the Scheduling Order as required by Fed. R. Civ. P. 16(b). Indeed, the Court notes that the deadline to amend pleadings expired well more than one year ago, on March 5, 2007 [Docket No. 114], and Plaintiffs did not move to extend the deadline in conjunction with their Motion.

In their Reply, Plaintiffs reiterate that amendment of their pleadings to assert state law tort claims against Koehn and Riede was impliedly authorized by Judge Krieger. *Reply* [#386] at 4, 18. They also allege that amendment is not futile, does not unduly prejudice Koehn and Riede, and is timely. *Id.* at 6-19.

## II. Analysis

### A. Standard for Amendment Pursuant to Fed. R. Civ. P. 15

4

The Court should grant leave to amend a complaint "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *See Foman*, 371 U.S. at 182.

### B. Good Cause Pursuant to Fed. R. Civ. P. 16(b)

The Court quickly rejects Koehn and Riede's argument that the Motion should be denied on the ground that Plaintiffs failed to provide good cause for extending the pleading amendment deadline. While the Court readily admits that Plaintiffs' Motion neglects to address this issue, given that Koehn and Riede were not dismissed as parties until after the pleading amendment deadline expired, good cause for extension of the deadline is obvious. *See also Reply* [#386] at 15-16. The recognition that Plaintiffs may be justified in seeking to amend their complaint after expiration of the pleading amendment deadline, however, does not end the discussion.

### C. Preliminary Findings

#### 1. Undue Delay and Failure to Cure Through Previous Amendment

The Court finds that the issues of undue delay and failure to cure through previous amendment are related and addresses them jointly. As a preliminary matter, Koehn and Riede argue that their dismissal from this action operates as a judgment in their favor. To this end, they argue that Rule 15's inclination toward liberal pleading amendment is diminished such that amendment should be prohibited. Specifically, they contend that "even though Rule 15(a) states that 'leave [to amend] shall be freely given when justice so

5

requires,' 'this presumption is reversed in cases, such as here, where a plaintiff seeks to amend a complaint after judgment has been entered and a case has been dismissed.'" *Tool Box Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087-88 (10th Cir. 2005) (citation omitted). I agree that Koehn and Riede's dismissal from the case is a factor to consider in their favor in conjunction with the Court's resolution of the Motion, but decline to base my decision on this fact alone in light of Judge Krieger's prior Order addressing Plaintiffs' right to seek to amend their complaint. *See Order* [#317] at 9.

To give full weight to Koehn and Riede's undue delay and failure to cure arguments, the Court sets forth the salient dates in the chronology of this case. Since the filing of their original complaint in May 2006, Plaintiffs have amended their complaint twice, and the operative complaint was filed on November 13, 2006. Plaintiffs were on notice of the possibility for dismissal of their federal claims against Koehn and Riede as early as October 2006 when Koehn and Riede moved, for the first time, to dismiss the claims against them. All claims asserted against Koehn and Riede were ultimately dismissed on September 28, 2007. Rather than immediately seeking to amend their complaint to assert freestanding state law tort claims against these parties, Plaintiffs delayed for more than one month. Thereafter, Plaintiffs filed a motion to reconsider the dismissal, primarily related to whether Judge Krieger appropriately dismissed the federal claims against Koehn and Riede. Although Plaintiffs professed the desire to amend if Judge Krieger declined to reinstate their claims, they did not formally seek to amend their complaint to add independent state law tort claims. Judge Krieger declined to reinstate the claims against Koehn and Riede on August 13, 2008. Rather than seeking to amend their complaint to assert freestanding state law tort claims against these parties, Plaintiffs did nothing for nearly two months.

Finally, on October 2, 2008, more than one year after Koehn and Riede were dismissed from this case, Plaintiffs moved to file the Third Amended Complaint.

The only argument regarding the above chronology that Plaintiffs can assert in their favor is that during the pendency of their motion to reconsider, they did not seek to amend their complaint because they were awaiting resolution regarding the status of their dismissed claims and they indicated their alternate desire to amend their complaint. In this Court's opinion, the positive inferences for Plaintiffs stop there, particularly when the Court considers the contention further. Plaintiffs opted to put all of their eggs in one basket. This strategy was unsuccessful and does not necessarily excuse the delay that resulted. As Plaintiffs now seek leave to assert claims different from those that were previously dismissed,[1] it is entirely unclear to the Court why such claims could not have been asserted in a more timely fashion or at least while the motion to reconsider was pending. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (holding that denial of amendment is appropriate where "the party filing the motion has no adequate explanation for the delay").[2]

Moreover, Plaintiffs do not dispute that the factual basis for these claims existed as

---

[1] Although Plaintiffs previously asserted a willful and malicious conduct claim, this claim had no freestanding basis in state law and was deficient on its face. *See Order* [#179] at 24; *Order* [#317] at 9.

[2] Indeed, given Judge Krieger's conclusion in September 2007 that Plaintiffs failed to state any freestanding state law claim, Plaintiffs would have suffered no tactical setback by moving to amend their complaint to add actionable state law tort claims while the motion to reconsider was pending. After all, "a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent. A party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." *See* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1488, at 659 (2d ed. 1990).

early as the inception of Plaintiffs' case or at least since Plaintiffs filed their two previous amended complaints. Further, Plaintiffs admit that they have been on notice of additional facts to support these claims since the August 2007 deposition of Riede [Docket No. 386-2]. *See Reply* [#386] at 4-5. Again, it is entirely unclear to the Court why such claims were not asserted in conjunction with one of the two earlier amended complaints or in a more timely manner. *See* 6 Charles Alan Wright et al., *supra*, § 1487, at 643-45, 651 (noting that where plaintiff has had sufficient opportunity to assert his claim, but fails to do so, and where "the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed," leave to amend may be denied).

### 2.    **Undue Prejudice**

Prejudice to the nonmoving party has been found to be the most important factor in considering whether amendment should be permitted. *See* 6 *id.* § 1487, at 613. *But see First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1133 (10th Cir. 1987) (holding that leave to amend may be denied as untimely regardless of whether prejudice to the opposing party has been shown). Further, "[a]s a general rule, the risk of substantial prejudice increases with the passage of time." 6 Charles Alan Wright, *supra*, § 1488, at 670.

To give full weight to Koehn and Riede's undue prejudice argument, the Court sets forth the salient dates and events in the chronology of this case. Because Koehn and Riede have been dismissed from this action since September 28, 2007, they did not disclose experts, propound discovery or fully participate in discovery. The discovery deadline for nonexpert discovery and the deadline for initial expert disclosures have now expired. While counsel for Koehn and Riede did participate in approximately five

8

depositions, the parties conducted at least ten depositions in which counsel did not participate. Further, the dispositive motions deadline expired in July 2008, and since the dismissal of Koehn and Riede, all Defendants but one have settled Plaintiffs' claims against them.

I also note that because of their dismissal, it was not incumbent upon Koehn and Riede to continue to participate as active parties, propound discovery, file pleadings, or preserve their litigation rights. Moreover, the limited participation they did have was presumably at the discretion of the other parties. Indeed, to the extent that Plaintiffs' position can be interpreted to suggest that their motion for reconsideration automatically stayed Judge Krieger's dismissal of Koehn and Riede, such a position is not supported by the Federal Rules, nor do Plaintiffs provide any legal support for it. *See Reply* [#386] at 17-18. Given Plaintiffs' delay in filing the motion to reconsider, i.e., it was filed more than ten days after the order of dismissal, Judge Krieger noted that the motion was brought pursuant to Fed. R. Civ. P. 60. *Order* [#198] at 2-3 & n.2. While a motion to reconsider pursuant to Rule 60 may be made "within a reasonable time," the motion, on its own, "does not affect the judgment's finality or suspend its operation." Fed. R. Civ. P. 60(c)(2).

Having said all that, I recognize that Koehn and Riede would not be surprised by amendment of the complaint to assert state law claims against them. Further, any prejudice to Koehn and Riede can be cured by reopening discovery. However, such a procedural maneuver is no inconsequential matter and unnecessarily delays the ultimate resolution of this case. Further, I take issue with Plaintiffs' cavalier attitude toward the prejudice alleged by Koehn and Riede. First, the Court has been forced to extend deadlines or issue Orders reiterating the deadlines set in previous Orders on several

9

occasions in this case due to the conduct of Plaintiffs.  *See, e.g., Order* [#294]; *Order* [#338].  Second, I note that Plaintiffs could have avoided any potential prejudice to Koehn and Riede by moving to stay their dismissal, moving to stay discovery until resolution of the motion to reconsider, or immediately moving to amend their complaint to add independent state law tort claims against them.  Plaintiffs pursued none of these reasonable approaches and, as noted earlier, pursued an all-or-nothing track that has now led to the present situation, i.e., dismissal of their case against Koehn and Riede for more than one year and expiration of the discovery and dispositive motions deadlines.[3]

### D. The Court's Holding

From the Court's recitation of the procedural history of this case, and my interpretation of that history, I hope to make it infinitely clear to the parties that the Court does not condone Plaintiffs' counsels' decision-making throughout these proceedings.  Their case strategy – i.e., delay and failure to assert the present claims in previously amended pleadings – is not advisable.  However, a decision to deny leave to amend would be made at the expense of Plaintiffs themselves and would not further the interests of justice considering the issues involved in this case.  Indeed, refusing amendment of arguably viable claims would be a harsh penalty and would unnecessarily punish Plaintiffs for their counsels' mis-steps.

---

[3] Although Koehn and Riede also assert a futility argument in support of their opposition to the Motion, I reject their contention that the Third Amended Complaint does not minimally contain allegations of willful, wanton, or outrageous conduct.  However, I do not address this argument further or make any binding findings.  Because I agree with Plaintiffs that Judge Krieger essentially invited them to move to amend their complaint and assert freestanding state law tort claims, to the extent that Koehn and Riede want to argue that Plaintiffs' Third Amended Complaint fails to state claims against them upon which relief can be granted, they are free to make such arguments in their response to the complaint.

Given Plaintiffs' inappropriate case strategy, the late stage of these proceedings and the avoidable, but curable prejudice that has resulted, I could find that justice would not be served by amendment. However, while an exceptionally close call, I find that the liberal preference for allowing amendment is not outweighed by Plaintiffs' counsels' conduct in this case and that justice would be served by amendment. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. The Court accepts Plaintiffs' Third Amended Complaint [Docket No. 356-4] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that, if they have not already done so, Plaintiffs shall serve a copy of the Third Amended Complaint on Trina Koehn and Michael Riede no later than **November 28, 2008**.

IT IS FURTHER **ORDERED** that Koehn and Riede shall answer or otherwise respond to the Third Amended Complaint on or before **December 19, 2008**.

IT IS FURTHER **ORDERED** that Plaintiffs and Koehn and Riede shall submit a proposed Scheduling Order relating to the Third Amended Complaint only on or before **January 5, 2009**.

Dated: November 24, 2008

BY THE COURT:

  s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix